GATHAGAN, APPELLEE AND CROSS-APPELLANT, *v.* FIRESTONE TIRE & RUBBER COMPANY, APPELLANT AND CROSS-APPELLEE.

(No. 11803—Decided February 13, 1985.)

*John A. Nehrer* and *Stephen P. Leiby,* for James A. Gathagan.

*Robert K. Lewis, Jr., Harley M. Kastner* and *Gregory L. Hammond,* for Firestone Tire & Rubber Co.

MAHONEY, P.J. Defendant Firestone Tire & Rubber Co. challenges a trial court order awarding $46,970 to plaintiff James A. Gathagan for breach of an oral contract for employment for two years. Gathagan cross-appeals raising issues of inadequate damages and denial of his motion for prejudgment interest. We reverse and remand thereby rendering the cross-appeal moot.

Gathagan began his employment with Firestone Tire & Rubber Co. ("Firestone") on February 20, 1957. He held several positions in various departments. On March 1, 1977, he became a scheduler in the Production Scheduling Department at Akron Plant 1.

In late 1980, and early 1981, Gathagan heard rumors that Plant 1 was going to be closed. He also learned of openings in Firestone's Des Moines, Iowa plant and learned that certain people from Akron were being transferred to the Des Moines plant.

In February 1981, Firestone solicited volunteers from Akron Plant 1 to transfer temporarily to its Memphis, Tennessee plant to do work measurement studies. Gathagan was among those employees so solicited. Gathagan testified that Firestone orally offered two years of employment on the Mem-

phis project plus an increase in salary and expense benefits. He further testified that, relying upon the assurance of two years of employment, he accepted the Memphis offer and relinquished the opportunity to interview for a position at the Des Moines plant. The agreement was never reduced to writing.

Gathagan began work in Memphis on April 1, 1981. He was reassigned to Akron Plant 1 on May 15, and was terminated on May 29, due to plant closure.

Gathagan brought the instant case against Firestone seeking damages for breach of the oral employment contract. A jury found that an oral contract existed and awarded Gathagan $46,970, amounting to twenty-two months of salary.

Firestone's Assignments of Error

"1. The court below incorrectly overruled defendant-appellant's motion for summary judgment for the following reasons:

"a. Plaintiff-appellee's employment with defendant-appellant, The Firestone Tire & Rubber Co., was at-will and subject to termination at any time for any reason or no reason without redress;

"b. The instant action is barred by the Statute of Frauds.

"2. The court below incorrectly denied defendant-appellant's motion for directed verdict made at the conclusion of plaintiff's case-in-chief and at the conclusion of trial.

"3. The jury verdict is contrary to the law of Ohio.

"4. The court below erred in refusing to instruct the jury as to the employment-at-will doctrine and the Statute of Frauds."

Firestone's agents testified that the company offered employment in Memphis for "up to two years" and not for any definite time period. Thus, according to Firestone, plaintiff's employment was for an indefinite period and subject to termination-at-will. However, the record contains evidence to support the jury's conclusion that Gathagan was hired to work at the Memphis plant for a two-year period. Thus, Firestone's first contention lacks merit. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80; and *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O. 3d 261].

Firestone also argues that Gathagan's claim is barred by R.C. 1335.05 which provides in part:

"No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

Clearly, the agreement cannot be performed within one year. However, Gathagan contends that, because he abandoned the Des Moines opportunity and actually went to Memphis to work for two months, Firestone should be estopped from raising the Statute of Frauds as a defense.

Since the general purpose of the statute is to prevent and not to perpetrate fraud, courts will not permit the statute to be used as a shield to protect fraud. 51 Ohio Jurisprudence 3d (1984) 374, Frauds, Statute of, Section 222. The doctrines of equitable estoppel, promisory estoppel and part perfor-

mance have been used to prevent such an outcome. Annotation (1974), 54 A.L.R. 3d 715.

The Ohio Supreme Court has held that the doctrine of part performance does not apply to personal service contracts apparently because the employee in such situations has a remedy in quantum meruit. *Hodges* v. *Ettinger* (1934), 127 Ohio St. 460. However, complete performance of an employment contract bars the raising of a Statute of Frauds defense. *Moore* v. *Solsound Industries, Inc.* (Mar. 23, 1983), Summit App. No. 10830, unreported. We have carefully examined Ohio case law and find nothing to indicate that plaintiff is foreclosed from raising an estoppel theory to defeat the defense. Indeed, this doctrine is used in other jurisdictions to achieve a just result. *McIntosh* v. *Murphy* (1970), 52 Hawaii 29, 469 P. 2d 177; *Oxley* v. *Ralston Purina Co.* (C.A.6, 1965), 349 F. 2d 328; *Alaska Airlines, Inc.* v. *Stephenson* (C.A.9, 1954), 217 F. 2d 295; *Seymour* v. *Oelrichs* (1909), 156 Cal. 782, 106 P. 88; *Rowe* v. *Noren Pattern & Foundry Co.* (1979), 91 Mich. App. 254, 283 N.W. 2d 713; and *Pursell* v. *Wolverine-Pentronix, Inc.* (1973), 44 Mich. App. 416, 205 N.W. 2d 504.

In *McIntosh* v. *Murphy, supra,* at 35-36, 469 P. 2d at 181, the court said:

"In seeking to frame a workable test which is flexible enough to cover diverse factual situations and also provide some reviewable standards, we find very persuasive section 217A of the Second Restatement of Contracts. That section specifically covers those situations where there has been reliance on an oral contract which falls within the Statute of Frauds. Section 217A states:

"['](1)  A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The

remedy granted for breach is to be limited as justice requires.

"['](2)  In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant: (a) the availability and adequacy of other remedies, particularly cancellation and restitution; (b) the definite and substantial character of the action or forbearance in relation to the remedy sought; (c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence; (d) the reasonableness of the action or forbearance; (e) the extent to which the action or forbearance was foreseeable by the promisor.['] ·

"We think that the approach taken in the Restatement is the proper method of giving the trial court the necessary latitude to relieve a party of the hardships of the Statute of Frauds. * * *'" (Footnote omitted.)

We agree with this reasoning.

However, we believe that, since each case turns on its own facts, whether the promisee's reliance is sufficient to estop the promisor from raising the statute as a bar is a question of fact to be decided by the trier of fact — in this case, the jury. See *Pursell* v. *Wolverine-Pentronix, Inc., supra;* and *Conel Development, Inc.* v. *River Rouge Savings Bank* (1978), 84 Mich. App. 415, 422-423, 269 N.W. 2d 621, 625. Thus, appellant's contention that the court should have instructed the jury concerning the Statute of Frauds is well-taken. Moreover, since Gathagan had raised the issue of estoppel, those questions of fact which make up the defense should have been submitted to the jury as well.

We sustain that portion of appellant's fourth assignment of error concerning the requested jury instruction on R.C. 1335.05. We overrule all of the appellant's other assignments of error. The judgment is reversed and the

cause is remanded for further proceedings consistent with the law and this opinion. The cross-appeal raising issues of inadequate damages and prejudgment interest is dismissed as moot.

*Judgment reversed and cause remanded.*

GEORGE and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.