**Dwayne HARLAN, Plaintiff,**

v.

**INTERGY, INC., et al., Defendant.**

**No. C86–4313.**

United States District Court,
N.D. Ohio, E.D.

March 6, 1989.

Theodore E. Meckler, Meckler & Meckler, Cleveland, Ohio and Paul Tobias, Tobias & Kraus, Cincinnati, Ohio, for plaintiff.

G. David Zeile, and Ronald H. Isroff, Ulmer & Berne, Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

Plaintiff Dwayne Harlan has brought this action for breach of contract, promissory estoppel, fraud, negligent misrepresentation, and age discrimination in violation of O.R.C. 4101.17. Defendants Intergy, Inc. and Anvil Industries, Inc. have filed a motion for summary judgment in their favor on all counts. Viewing the evidence in a light most favorable to the non-moving party, this Court must conclude that issues of material fact have been raised which render summary judgment inappropriate.

In March, 1985, Plaintiff noticed an advertisement from the Wall Street Journal seeking applications for an opening at Intergy, Inc. in Brecksville, Ohio. At that time, Plaintiff was living in the Seattle, Washington area and working for a firm called Key Tech. Corp. After receiving his resume, Intergy granted Plaintiff an interview and subsequently offered him a job as Director of Industrial Sales. After accepting the offer, Plaintiff moved to the Cleveland area and began working for Defendants in June, 1985. Plaintiff's family did not move to Ohio until November, 1985. Plaintiff was then laid off in February, 1986. At the time of his termination, Plaintiff was 47 years old. He was eventually replaced by a 31 year old employee. In March, 1986, Plaintiff and his family returned to Seattle, Washington.

■ Defendants first argue that Plaintiff's claim for breach of contract must fail because the Intergy, Inc. Employee Handbook states that Plaintiff's employment relationship was "terminable at will by either party." Although an employee manual may rise to the level of an employment contract under some circumstances, there are material issues of fact as to whether such circumstances were present at the time of Plaintiff's hiring.

■ Defendants contend in the alternative that Plaintiff can only claim that he had an oral contract of employment which was to last "certainly not less than two years" and, therefore, such claim is barred by the Ohio Statute of Frauds. Defendants' argument is a direct contradiction of a well-reasoned and highly persuasive Ohio Court of Appeals opinion in *Gathagan v. Firestone Tire & Rubber Co.*, 23 Ohio App.3d 16, 490 N.E.2d 923 (Summit County 1985). In *Gathagan*, the court held:

1. Since the general purpose of the Statute of Frauds (R.C. 1335.05) is to prevent and not to perpetrate fraud, courts will not permit the statute to be used as a shield to protect fraud.

2. The defense of the Statute of Frauds (R.C. 1335.05) to an action to seek enforcement of an oral contract of employment for two years may be overcome by the doctrine of promissory estoppel. (*Hodges v. Ettinger* [1934], 127 Ohio St. 460, 189 N.E. 113, distinguished).

3. When a party seeks to rebut or overcome the defense of the Statute of Frauds (R.C. 1335.05) by using the doctrine of promissory estoppel, the issue of whether the promisee's reliance is sufficient to estop the promissor from raising the statute as a bar is a question of fact to be decided by the trier of fact. *Gathagan, supra*, syllabus.

In their Reply Brief, Defendants have attempted to attack the *Gathagan* holding by arguing that "it is obvious that the *Gathagan* court never read *Hodges v. Ettinger*, 127 Ohio St. 460 [189 N.E. 113] (1934)." (Defendant's Reply Brief, p. 3), in which the Supreme Court of Ohio held that the doctrine of part performance "has no

place in the law governing contracts for personal services." *Hodges, supra* at 467, 189 N.E. 113. It is curious that Defendants would proffer such an argument given the *Gathagan* court's explicit statement, in both the syllabus and text of its opinion, that it was distinguishing the *Hodges* ruling.

The Ohio Supreme Court has held that the doctrine of part performance does not apply to personal service contracts apparently because the employee in such situations has a remedy in quantum meruit. *Hodges v. Ettinger* (1934), 127 Ohio St. 460, 189 N.E. 113. However, complete performance of an employment contract bars the raising of a Statute of Frauds defense. (cite omitted) We have carefully examined Ohio case law and find nothing to indicate that plaintiff is foreclosed from raising an estoppel theory to defeat the defense. Indeed, this doctrine is used in other jurisdictions to achieve a just result. *Gathagan, supra* 490 N.E.2d at 925.

In *R. Renaissance, Inc. v. Rohm and Haas Co.*, 674 F.Supp. 591 (S.D.Ohio 1987) another federal district court adopted the *Gathagan* rule as an accurate statement of Ohio common law. In *R. Renaissance, Inc.*, the court denied a defense motion for summary judgment on this issue because "even if the statute of frauds does bar the oral contract claim it in no way bars the promissory estoppel claim." *R. Renaissance, Inc., supra* at p. 595.

Defendants next argue that the doctrine of promissory estoppel is unavailable to Plaintiff because it only applies to oral at-will employment agreements. Since Plaintiff claims to have had an oral long-term employment agreement (of at least two years), Defendants contend that the doctrine of promissory estoppel does not apply. In reaching this conclusion, Defendants have relied upon an overly restrictive interpretation of *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985), an interpretation which has been rejected by several Ohio courts. In *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 515 N.E.2d 632 (Cuyaho-

ga 1986), the court examined the *Mers* decision and held,

> Even when all the elements of an employment contract, *alleged not to be at-will*, are not present, promissory estoppel is available to employees who have relied to their detriment on representations by the employer, when the employer should have reasonably expected its representation to be relied upon by its employees. (emphasis added). *Biskupich, supra,* syllabus paragraph 2.

As mentioned earlier, the *Gathagan* court also applied the doctrine of promissory estoppel to an oral employment agreement alleged to be for a period of two years.

■ Since the doctrine of promissory estoppel may apply under Ohio law to oral long-term employment agreements, Plaintiff's claim for recovery under a promissory estoppel theory raises issues of material fact. Since Plaintiff's contract claim is contingent upon the application of the doctrine of promissory estoppel to the facts presented in this case, however, Plaintiff's contract and promissory estoppel claims must be regarded as a single theory of recovery. In this case, promissory estoppel is merely a common law doctrine available to rebut a Statute of Frauds defense to the Plaintiff's oral contract claim. The memorandum of the Intergy, Inc. Treasurer, Martin Eble, allegedly setting forth a schedule for payments of mortgage differentials for three years, is merely "evidence, in connection with other relevant facts, indicating that the agreement is for such unit." *Henkel v. Educational Research Council,* 45 Ohio St.2d 249, 256, 344 N.E.2d 118 (1976). It clearly is not a written employment agreement sufficient to withstand a Statute of Frauds defense on its own.

■ Summary judgment is also inappropriate with regard to Plaintiff's fraud claim. Defendants argue that all representations made to Plaintiff concerning Defendants' financial well-being were either accurate statements of fact or mere projec-

tions or opinions. Even if this description were accepted as true, however, there are material questions of fact raised by Plaintiff's fraud claim.

During his deposition, Plaintiff testified that Intergy, Inc.'s personnel director, Mr. Lou Cardinale, assured him during his interview that the firm was a "profitable company." (Harlan Depo., p. 35) Since Plaintiff was interviewed on May 17, 1985, Defendants contend that this factual representation was accurate if one restricts their analysis of the company's performance to the month of April, 1985 and the first seventeen days of May, 1985. Even if one accepts this as a truthful description of the firm's financial condition, however, Ohio law imposes a duty to make full disclosure of facts where it is necessary to dispel misleading impressions which might have been created by a defendant's partial revelation of facts. *Connelly v. Balkwill,* 174 F.Supp. 49 (N.D.Ohio 1959), aff'd 279 F.2d 685 (6th Cir.1960). "Imperfect information given in a way calculated to produce a false impression is the equivalent of concealment." *Balkwill, supra,* at 57, quoting *Manley v. Carl,* 20 Ohio.Cir.Ct.R. 161.

In the case at bar, the Defendants' representative made factual statements about the corporation's current financial condition without explaining that his description of the firm as "profitable" was contingent upon a very limited time frame. He failed to inform the Plaintiff that the company had lost money in the prior two years, 1983 and 1984, and had lost money during the first three months of 1985. There are material questions of fact as to whether this partial disclosure of facts pertaining to the firm's financial condition constituted concealment and whether the remaining elements necessary to sustain a claim for fraud have been satisfied.

■ Contrary to Defendants' argument, negligent misrepresentation is recognized as a basis for a cause of action under Ohio law. *Haddon View Investment Co. v. Coopers & Lybrand,* 70 Ohio St.2d 154, 436 N.E.2d 212 (1982).[1] Thus, for the reasons

---

1. For a summary of the elements required for negligent misrepresentation, see *Zuber v. Dept.* *of Insurance,* 34 Ohio App.3d 42 (1986).

cited previously regarding Plaintiff's fraud claim, summary judgment is not warranted on Plaintiff's claim for negligent misrepresentation.

Although a plaintiff who was laid-off during a financial crisis may have a more difficult time proving that age was a determining factor in his termination, it is nevertheless a question of fact for a jury to decide. While the evidence offered in support of Plaintiff's fraud and negligent misrepresentation claim may enable Defendant to articulate without great difficulty a legitimate nondiscriminatory reason for the termination, these claims in no way preclude Plaintiff from prevailing on an age discrimination claim. Therefore, Defendants' Motion for Summary Judgment is hereby denied.

IT IS SO ORDERED.