**DeCavitch**
v.
**Thomas Steel Strip Corp.**
[Cite as 4 AOA 493]

*Case No. 89-T-4182*
*Trumbull County, (11th)*
*Decided June 1, 1990*

*Norman Sandvoss, P.O. Box 248, 228 West Main Street, Ravenna, Ohio 44266-0248, for Plaintiff-Appellee.*

*Thomas H. Shunk, Baker & Hostetler, 3200 National City Center, Cleveland, Ohio 44114-3401. for Defendant-Appellant.*

CHRISTLEY, P.J.

In 1983, appellee, Patricia DeCavitch, was employed by the Ajax Magnethermic Corporation. However, as Ajax's business fortunes made continued employment uncertain, appellee contacted the Deane Farester Employment Agency, for the purposes of job placement. Appellee procured several interviews through Deane Farester, including an interview with appellant, Thomas Steel Strip Corporation. However, appellant did not hire appellee at that time. Appelle eventually began employment with G.F. Furniture.

Appellee continued to send out resumes in search of more remunerative employment, including the mailing of an updated resume to appellant. In January 1985, appellant contacted appellee and invited her to interview. During the course of the interviews, appellee spoke with a number of persons employed by appellant. In each interview, she expressed her desire to find a job which would provide her with security. Appellant's employees assured appellee that the company was on sound footing and would likely be around for some time. However, during these initial interviews no employee of appellant promised or guaranteed employment to appelle for any specific duration.

Shortly after the interview process, appellee received a telephone call from Lou DeNome, an employee of appellant's. DeNome offered the appellee a job, under several conditions. First, appellee had to come in and take a physical. Secondly, DeNome told appellee that she "would have to agree to stay with the company for at least two years." Finally, appellee was informed that appellant would pay the placement fee to the Deane Farester Agency but, if appellee should leave before two years, she would have to pay appellant a prorated share of this fee.

Appellee agreed to these terms, although she felt that the Deane Farester Employment Agency was not entitled to the placement fee, as she had acquired the interview with appellant on her own. Nevertheless, appellee signed an agreement with appellant, promising to repay the fee if she left within two years.

At trial, appellee stated that the telephone conversation with DeNome and the fee agreement were the only sources from which she gleaned that she possessed a two year employment contract. In addition to the fee agreement, appellee also signed an employment application of appellant's which stated "my employment may

be terminated at any time for such reason not prohibited by statute.

Appellee was terminated from appellant's employ after approximately one-and-one-half years of employment. Appellee brought suit, alleging breach of employment contract. Appellant denied the existence of any contractual relationship other than employment-at-will and further stated that, if such an oral agreement had existed, appellee would be barred by the statute of frauds from proving the existence of the contract. Appellant raised this defense in its initial answer to appellee's complaint, in its amended answer to appellee's amended complaint, and in its motion for a directed verdict, pursuant to Civ. R. 50(A), which was made after the close of the appellee's case.

The trial court denied appellant's motion for a directed verdict. At the close of the trial, the jury found that appellant had breached the employment contract with appellee and awarded $10,573.62 damages to appellee. Appellant timely filed a motion for judgment notwithstanding the verdict or, in the alternative a new trial, both of which were denied by the trial court. Appellant now timely appeals with the following assignments error:

"1. The trial court erred in failing to grant defendant a directed verdict [Trans. p. 61] and a judgment notwithstanding the verdict on the grounds that reasonable minds could not differ in concluding that the plaintiff failed to prove the existence of a contract that was breached or a promise upon which she detrimentally relied.

"2. The trial court erred in failing to grant defendant's motion for directed verdict [Trans. p. 61] premised on the fact that plaintiff's complaint for breach of an oral employment agreement of two years' duration was barred by the Statute of Frauds."

In appellant's first assignment of error, it contends that the trial court erred in failing to grant a directed verdict or Judgment NOV because reasonable minds could not differ in concluding that appellee was an employee-at-will. This argument is well taken.

As this court recently noted, the pre-eminent case in Ohio for determining whether an employee is an employee-at-will is *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100. See, also, *McKenney* v. *Structural Fibers, Inc.* (July 28, 1989), Lake App. No. 89-L-14-018, unreported, at 8. *Mers, supra,* states, that "[un]less otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the

employment relationship for any reason which is not contrary to law." *Id.* at first paragraph of the syllabus. This statement reflects that general rule associated with employment-at-will which states that an employee may be terminated for a good reason, a bad reason or no reason at all (unless specifically barred by statute).

As appelle notes, however, *Mers* goes on to hold that:

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge." *Id.* at the second paragraph of the syllabus

Consequently, the employee can adduce facts from a variety of sources to demonstrate that the employee relationship was other than employment-at-will.

Appellant urges that examination of the evidence clearly indicates that this was an employment-at-will relationship and states that the trial court should have granted its motion for a directed verdict or a Judgment NOV. In order to grant appellant's motions

"* * * the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, [must find] that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that the conclusion is adverse to such party * * *." Civ. R. 50(A)(4).

Examination of the evidence in this cause indicates that, as a matter of law, reasonable minds could come only to the conclusion that appellee was an employee-at-will.

Appellee points to the fact that the company required a two-year commitment as the main support of her argument that she had at least a two-year contract. Even if appellee believed there was a two-year contract, that is not relevant to the issue before us. What is relevant is what she should have "reasonably" believed under the circumstances. Appellee signed a fee agreement which clearly took into consideration the possibility that she might leave appellant's employ before the two years (Employment-at-will allows equal flexibility to employees.) Moreover, appellee signed an employment application which clearly stated that she was an employee-at-will.

The evidence also showed that she was knowledgeable as to the actual meaning and significance of that terminology. Even the promise allegedly relied upon by appellee did not state that she would be retained for two years. Rather, DeNome's comments reflected a company policy which endorsed, as a matter of economics and optimal training benefits, the idea that employees would stay for two years. This was clearly a one-way promise. When construed with all of the facts. and circumstances of this case, it does not amount to an employment contract, regardless of any perception of unfairness or inequity.

Appellant's first assignment has merit.

Appellant's second assignment argues that, even if, *arguendo,* the court were to find that appellee had a contract of two-years with appellant, the contract would be barred by the statute of frauds, pursuant to R.C. 1335.05. This statute, in pertinent part, states:

"No action shall be brought * * * upon an agreement that is not to be performed within one year of the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized. *Id.;* See also, *Pullar* v. UpJohn Health Care Serv., Inc. (1984), 21 Ohio App. 3d 288, 295.

Examination of the record indicates that neither the free agreement nor the employment application signed by appellee have any mention of a contract for years. Consequently, the sole basis for the contract, if one was validly found to exist, would be the telephone conversation between DeNome and appellee. This contract, being purely oral, would be unenforceable under the statute and the trial court should have granted appellant's motion for a directed verdict or Judgment NOV on this basis.

This court is aware that the statute of frauds can be overcome or rebutted by using the doctrine of promissory estoppel *Gathagan* v. *Firestone Tire & Rubber Co.* (1985), 23 Ohio App. 3d 16, at third paragraph of the syllabus; *Mers, supra;* and *Kelly* v. *Georgia Pacific Corp.* (1989), 46 Ohio St. 3d, 134, 139.

Appellee did not raise the issue of promissory estoppel in her complaint, which alleges solely a breach of contract. The transcript does not indicate that this equitable theory was discussed at trial either. Further, there was no jury instruction on this issue. The transcript is also devoid of any colloquy between counsel and the trial court as to what instructions should be given and there is no objection, on the record, to any omission of

a promissory estoppel instruction. Because promissory estoppel does not appear to have been raised or argued by the appellee at trial, it cannot be raised for the first time upon appeal.

Appellant's second assignment has merit.

The judgment of the trial court is reversed and this matter is remanded to the trial court with instructions to enter judgment for the defendant.

*Judgment reversed and
cause remanded.*

MAHONEY, J., concurs.
DONOFRIO, J., Seventh Appellate District sitting by assignment, Dissents with dissenting opinion.

DONOFRIO, J., dissenting.

I respectfully dissent from the decision of the majority for the following reasons.

An analysis of this case begins with the guidance given in Civ. R. 50(A) (4):

"* * * (T)he trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, * * * (must find) that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *. (Insert added.)

Appellant raises two issues; one, that the appellee failed to prove the existence of a contract that was breached, and secondly, that the Statute of Frauds barred this action.

In examining the facts of the instant case. the appellee established at trial that she received a call from Lou DeNome, a corporate official from appellant corporation, requesting an interview. She went through the interview process with appellant. Appellee stressed during the interview that she sought "job security." A few days after the interview, she received a call from DeNome at home and, in relationship to this call, she testified that he said the job was hers. He said they would require that she stay with the company for at least two years. Secondly, appellee was informed that appellant would pay the placement fee to the Deane Farester Employment Agency, but, if appellee should leave before two years, she would have to pay appellant a prorated share of this fee. This memorandum was in written form, signed by the appellee and the officer of the appellant corporation. It stated as follows:

"Thomas Steel Strip Corp. hereby agrees to pay the agency fee stipulated above. The undersigned new employee agrees that should he (sic) voluntarily terminate his (sic) services with Thomas Steel Strip Corp. before twenty-four (24) months of employment, he (sic) will reimburse the Corporation for payment of said agency fee from his final salary check. In the event that the undersigned employee's final salary check is insufficient in amount to cover the reimbursement due and owing, in accordance with the schedule set forth below, then the undersigned employee agree to pay any excess due on or before the final termination date." (Plaintiff's Exhibit 3.)

In the case of *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, the Supreme Court stated, in paragraph two of the syllabus:

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier fact in order to determine the agreement's explicit and implicit terms concerning the discharge.

Thus, we have a situation where the appellant demanded that the employee remain on the job for at least two years. The other side of the coin would be that the employee can reasonably expect that the employer has granted her employment for at least two years. At the least, an inference arises from which the fact-finders may draw or not draw, as they wish, from the facts such inference. They are not compelled to, but, nevertheless, reasonable can differ as to the effect of this inference. In the case of *Rinehart* v. *Toledo Blade Co.* (1985), 21 Ohio App. 3d 274, at 275, it states:

"In determining * * * a motion [for a directed verdict pursuant to Civ. R. 50(A) (4)] the evidence submitted must be given an interpretation most favorable to the party against whom it is made, including not only direct or positive evidence, but also reasonable inferences which may be drawn therefrom." (Insert added.)

The Ohio Supreme Court in *Osler* v. *Lorain* (1986), 28 Ohio St. 3d 345, stated in the syllabus:

"In considering a motion for judgment notwithstanding the verdict, a court does not weigh the evidence or test the credibility of the witnesses. (Civ. R. 50[B]; *Posin* v. *A.B.C. Motor Court Hotel* 1976, 45 Ohio St. 2d 271, 275 [74 O.O 2d 427], approved and followed.)"

In the case of *Shore, Shirley & Co.* v. *Kelley* (1988), 40 Ohio App. 3d 10, at 13, citing *Posin, supra,* it was stated:

"'The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admission in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied.'"

In the instant case, there is believable evidence which would permit reasonable minds to come to different conclusions. The case of *TLT-Babcock, Inc.* v. *Service Bolt & Nut Co.* (1984), 16 Ohio App. 3d 142, at 143, states:

"* * * [T]he trial court must not consider the weight of the evidence or the credibility of the witnesses when ruling upon a motion for a directed verdict. * * * Therefore, the trial court must submit an issue to jury if there is evidence which, if believed, would permit reasonable minds to come to different conclusions."

As to appellant's arguments based on the Statute of Frauds, Plaintiff's Exhibit 3 is a sufficient memorandum in writing to meet the requirement of the Statute of Frauds. In the case of *Soteriades* v. *Wendy's of Ft. Wayne, Inc.* (1986), 34 Ohio App. 3d 222, the court states in the second syllabus:

"When an individual has a contract of employment for more than one year, the memorandum in writing satisfying the requirement of the Statute of Frauds may consist of several related writings, even though only one such writing is signed if the signed writing refers to the unsigned writing or if it appears by inspection and comparison of the writings that they logically relate to or form part of the same transaction."

In that case there were unsigned corporate minutes together with a signed agreement, neither of which made direct reference to the terms of the employment contract; but, nevertheless, the court found those two documents were a sufficient memorandum in writing to meet the requirement of the Statute of Frauds. In the instant case, Plaintiff's Exhibit 3 and the oral statement by appellant, as a matter of law, were sufficient to overcome a motion for a directed verdict.

For the foregoing reasons, I would affirm the judgment of the trial court.