OPINION
These consolidated appeals stem from the February 14, 2001 and April 11, 2001 judgment entries of the Common Pleas Court of Allen County granting summary judgment in favor of defendant-appellees, Ohio Golf Course License Corp. d/b/a Oaks Golf Club, et al., and denying plaintiff-appellant Ari Van Der Meer's Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.
The pertinent facts and procedural history of this case are as follows. Ari was an employee of The Oaks Golf Club ("The Oaks") from mid-July, 1999 until his termination four months later. Before moving to Ohio to work at The Oaks, Ari and his wife Michelle, who was an original plaintiff for claims which are not the subject of this appeal, resided in California. Ari worked at the Presidio Golf Course in San Francisco, and Michelle worked as a nurse assistant at the University of California-San Francisco's Birth Center.
Ari applied and was accepted into Penn State University's Turf Management School to start in September, 1999. By June 3, 1999, Ari and Michelle had informed their employers that they were resigning, expressing their need to move to the Midwest so that Ari might find employment closer to Penn State. A short time later, Ari began work at a golf course in Auburn Hills, Michigan. After working in Auburn Hills a few weeks, Ari was introduced to Matt Winget and the two discussed employment opportunities at Winget's golf course, Oaks Golf Club, in Ohio. Their discussions led to a job offer letter which expressed some of the terms of employment and is the current subject of dispute.
Winget hired Ari to work on grounds maintenance. Soon thereafter controversy arose. Namely, an interpersonal conflict developed between Ari and Todd Hammond, the Greens Superintendent. The friction between the two reached the boiling point in a heated argument over the innocuous topic of wood chips, an event which took place in front of the grounds crew and others.
Despite the conflict with Hammond, Ari's stock continued to rise in the eyes of the owners. Shortly before departing for Penn State, Winget promoted Ari to the Director of Golf position. To manage the course in his absence, Ari placed Patti Edwards, a short-term part-time employee, in charge of the golf course. The appointment received the consternation of some of the grounds crew. Ari had discussed the appointment of Edwards with Winget by telephone but departed for Penn State before he had received a response. He then took it upon himself, as Director of Golf, to place someone in charge of the course in his absence.
While at Penn State, Ari received a letter from Winget relieving him of his employment with The Oaks. Following his termination, The Oaks paid Ari's salary through the end of 1999 and offered to pay for the Fall 1999 semester of school.
On January 5, 2000, Mr. Van Der Meer and his wife filed suit against The Oaks alleging wrongful discharge and breach of contract among other claims. The Oaks filed an uncontested motion for summary judgment which the trial court granted. The trial court denied Ari's Civ.R. 60(B) motion for reconsideration. Appellant now appeals asserting the following three assignments of error.
 ASSIGNMENT OF ERROR NO. I The court erred in granting defendants' motion for summary judgment, (1) by finding that appellant's employment was at will; (2) by finding that the five-year employment agreement was barred by the statute of frauds; and (3) by finding that appellant was terminated for just cause.
When reviewing a summary judgment motion, we must independently review the record to determine if summary judgment was appropriate.[1]
Therefore, we will review the trial court's granting of summary judgmentde novo.[2] Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made.[3]
In his first assignment of error, Ari offers three related arguments to support his contention that the trial court erred in granting The Oaks' motion for summary judgment. Ari argues that his employment was not at will, that the employment agreement was not barred by the Statute of Frauds, and that he was not terminated for just cause. We will begin our analysis by determining whether the employment agreement is within the Statute of Frauds.
R.C. 1335.05, Ohio's Statute of Frauds, requires that contracts not to be performed within one year from the making thereof be in writing and signed by the party to be charged therewith. The employment agreement at issue is a typewritten offer of employment addressed to Mr. Van Der Meer from Mr. N. Matthew Winget of the Oaks Golf Club. The letter, dated June 25, 1999, explains the details of employment including salary and performance bonuses, a 401(k), medical and prescription coverage, long and short term disability, life insurance, and moving expenses. The offer also includes a provision for "Paid Collage (sic) Tuition (provided you sign a five (5) year work agreement)." The letter instructs Ari to confirm his acceptance of the offer by phone.
The letter itself is not an employment contract. On its face, it states that it is an offer and requests oral acceptance. Furthermore, though the letter contains Mr. Winget's name, it is not signed as R.C.1335.05 requires. The offer states that Ari must sign a five year work agreement in order to receive paid college tuition. Ari, in effect, is the party to be charged with the agreement. Mr. Winget has offered to pay his tuition in exchange for a commitment from Ari that he will sign a contract to work for The Oaks for five years. Because the contract cannot be completed within the course of one year, the statute of frauds requires that it be in writing.[4] There is no evidence of a signed employment contract agreeing to any of the above terms.
We recognize that the Statute of Frauds can be overcome or rebutted through the doctrine of promissory estoppel.[5] An employer's right to discharge an employee is restricted "where representations or promises have been made to the employee which fall within the doctrine of promissory estoppel."[6] The Ohio State Supreme Court in Mers relies on the Restatement of the Law 2d, Contracts, which provides the rule of law that:
 A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.[7]
The test in a case such as this "is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."[8] Along this vein, appellant argues that he relied to his detriment on The Oaks' promise that he had a five-year employment contract. Yet, the record, as of the date the motion for summary judgment was granted, fails to indicate such a promise of job security. Further, the record and the appellant's brief lacks evidence of detrimental reliance on the part of the appellant.
Our examination of the evidence in this case indicates that, as a matter of law, reasonable minds could only conclude that appellant was an employee at will. Without a signed employment contract, all that remains is an oral at-will employment agreement by which either party may terminate the employment relationship for any reason which is not contrary to law.[9] Ohio has long recognized the right of employers to discharge employees at will.[10]
The appellant also contends that the lower court erred in finding that he was terminated for just cause. To state a wrongful discharge claim, the appellant "must allege facts demonstrating that the employer's act of discharging him contravened a `clear public policy.'"[11] This "clear public policy" exception to the employment-at-will doctrine includes statutory enactments, and other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law.[12] In an October 6, 1999 letter, Mr. Winget explained that he was relieving the appellant of his position due to social and personality conflicts beyond his (the appellant's) control. The appellant has cited to no evidence within the record to indicate that any state or federal laws were violated. Nor did the appellant's termination breach a contract held with The Oaks because none was ever signed.
We find that there remains no genuine issue of material fact. If a five year employment contract was contemplated, that contract must be in writing and signed by the party to be charged pursuant to the requirements of R.C. 1335.05. Reasonable minds could only conclude that without the signed contract, the employment was at-will, and summary judgment should be in favor of The Oaks.
Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The court erred in denying plaintiffs' motion for relief from judgment.
In his second assignment of error, the appellant maintains that the trial court should not have denied his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we hold that the trial court properly denied the relief from judgment requested by the appellant.
The appellant's counsel submits that he failed to file a brief in opposition to the motion for summary judgment because he was unaware of Loc.R. 3.04.[13] Pursuant to Loc.R. 3.04, summary judgment motions are considered without oral argument. Oral argument is permitted only upon an order of the trial court.
In the present case, the trial court originally scheduled the deadline for summary judgment motions for November 6, 2000, two months before the close of discovery. The trial court, in response to a request by The Oaks, extended the time to file summary judgment motions to January 8, 2001, to coincide with discovery cut off. The Oaks filed a motion for summary judgment on January 5, 2001 and requested an oral argument. None was scheduled as is the trial court's discretion under Loc.R. 3.04. Forty days later, the court entered an Order granting Oaks Golf Club's motion for summary judgment on each count of the appellant's complaint. The appellant never submitted a brief or evidence in opposition to The Oaks' motion.
Civ.R. 60(B) provides in relevant part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *.
A trial court has plenary power in considering a motion for reconsideration.[14] Therefore, a reviewing court should not reverse the trial court's decision absent an abuse of discretion.[15] An abuse of discretion connotes an attitude that is unreasonable, arbitrary or unconscionable.[16] Upon our review of the record, we conclude that the trial court did not abuse its discretion.
In GTE Automatic Electric v. ARC Industries,[17] the Supreme Court of Ohio held at paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
If any prong of the standard for granting motions brought under Civ.R. 60(B) is unsatisfied, relief shall be denied.[18]
The appellant proposes that his "meritorious defense" is his attorney's excusable neglect for failing to acquaint himself with Loc.R. 3.04. On this point, the Supreme Court of Ohio declined to allow relief from judgment under Civ.R. 60(B)(1) to a party whose attorney allegedly committed excusable neglect resulting in a default judgment.[19] The Court established that "the neglect of a party's attorney will be imputed to the party for purposes of Civ.R. 60(B)(1)."[20]
Attorneys who choose to litigate in Ohio courts are required to familiarize themselves with state and local rules of practice.[21]
Along this vein of reasoning, the appellant's attorney is charged with familiarizing himself with local rules of practice. The appellant's counsel's failure to acquaint himself with Loc.R. 3.04 is inexcusable neglect and the trial court acted neither unreasonably, arbitrarily, nor unconscionably in denying the appellant's Civ.R. 60(B) motion for reconsideration.
Therefore, the appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The court erred in ruling on defendants' motion for summary judgment before and without fixing the time for hearing thereon, and without notifying plaintiffs of that hearing.
In his final assignment of error, the appellant argues that Loc.R. 3.04 impermissibly conflicts with Civ.R. 56(C), which states in part:
 * * * The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. * * *
It is established that clear and unambiguous provisions of the Ohio Rules of Civil Procedure may not be circumvented through local court rules.[22] We adhere to our view that Loc.R. 3.04 augments, rather than thwarts, Civ.R. 56(C). Viewed properly, Civ.R. 56(C) does not call for a formal hearing as a prerequisite to summary judgment.[23] The hearing that the rule contemplates "may involve as little as the submission of memoranda and evidentiary materials for the court's consideration."[24] Consistent with Civ.R. 56(C), Loc.R. 3.04, though it leaves whether an oral hearing is granted to the trial court's discretion, allows the non-moving party thirty days to submit a brief or evidence in opposition. The appellant does not dispute that he was afforded the full amount of time to respond to the appellee's motion for summary judgment.
The appellant's third assignment of error is also overruled. The judgments of the common pleas court are affirmed in all respects.
SHAW and BRYANT, JJ., concur.
[1] Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412. See, also,CivR. 56(C).
[2] Farmers Comm. Co. v. Burks (1998), 130 Ohio App.3d 158, 163.
[3] State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589.
[4] DeCavitch v. Thomas Steel Strip Corp. (1990), 66 Ohio App.3d 568
.
[5] Gathagan v. Firestone Tire Rubber Co. (1985), 23 Ohio App.3d 16,at paragraph three of the syllabus; Mers v. Dispatch Printing Co.(1985), 19 Ohio St.3d 100, at paragraph three of the syllabus; and Kellyv. Georgia Pacific Corp. (1989), 46 Ohio St.3d 134, 139.
[6] Mers, 19 Ohio St.3d at 104.
[7] Id.
[8] Id. at 105.
[9] Id. at 103.
[10] Id.
[11] Painter v. Graley (1994), 70 Ohio St.3d 377, paragraph twoof the syllabus.
[12] Id. at paragraph three of the syllabus.
[13] Loc.R. 3.04 states, in part, the following: Unless otherwiseordered by the Court, motions for summary judgment shall be heard onbriefs and other materials authorized by Civil Rule 56(C) without oralarguments thirty days after service of the motion upon the opposingparty.
[14] Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 535.
[15] Id.
[16] AAAA Enterprises, Inc. v. River Place Community RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
[17] (1976), 47 Ohio St.2d 146.
[18] Id. at 151.
[19] Id.
[20] Id. at paragraph four of the syllabus; Brown v. Akron BeaconJournal Publishing Co. (1991), 81 Ohio App.3d 135, 140.
[21] Brown, supra at 143.
[22] Id. at 139, citing Section 5(B), Article IV, Ohio Constitution;Civ.R. 1; see, also, In re Appeal of Little Printing Co. (1980),70 Ohio App.3d 182.
[23] Brown, 81 Ohio App.3d at 139; Gates Mills Invest. Co. v. PepperPike (1978), 59 Ohio App.2d 155, 164.
[24] Brown, supra.