OPINION
{¶ 1} Appellant, Chester Township Board of Trustees ("the Board"), appeals the judgment entered by the Geauga County Court of Common Pleas. Following a bench trial, the trial court entered judgment in favor of appellee, Joan Spellman ("Spellman").
 {¶ 2} In May 2005, the Board filed a complaint against Spellman, alleging Spellman breached an unrecorded lease agreement between the parties. The alleged lease concerned real property in Chester Township. The Board acknowledged *Page 2 
Spellman paid rent in exchange for living at the property, but it claimed she did not pay back real estate taxes totaling $4,734.30 and a sewer bill totaling $350.62, as she had agreed in the lease. Spellman filed a pro se answer, denying the allegations of the complaint.
 {¶ 3} The matter proceeded to a bench trial. Spellman did not appear for the trial; however, she was represented by counsel. The Board called only one witness, Chester Township Trustee Charles Stevens. Stevens testified that the Board received title to the property, which was formally owned by Spellman, as part of a court decision regarding an embezzlement involving Michael Spellman. Stevens testified that, in June 2004, the parties agreed that Joan Spellman would lease the property. Stevens testified he was not present when Spellman purportedly signed the lease agreement. Since there was no evidence presented that Spellman signed the lease, the trial court did not admit a copy of it. At the conclusion of the case, the trial court entered judgment in favor of Spellman.
 {¶ 4} The Board has timely appealed the trial court's judgment entry and raises the following assignments of error:
 {¶ 5} "[1.] The trial court erred when it held that there is no contract between the parties because appellant presented testimony and evidence at trial proving the elements of a contract and the basis to claim breach of contract.
 {¶ 6} "[2] The trial court's holding that there is no contract between the parties is against the manifest weight of the evidence."
 {¶ 7} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being *Page 3 
against the manifest weight of the evidence." C. E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 8} The Board does not directly challenge the trial court's evidentiary decision regarding the admission of the purported lease. We note that "[t]he admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of discretion." (Citations omitted.)Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296, 299. "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} The trial court did not admit the alleged lease, because it was not authenticated pursuant to Evid.R. 901. The Board's only witness, Stevens, testified he did not see Spellman sign the alleged lease agreement. The Board did not subpoena Spellman and she was not present at the trial. The alleged lease indicates Spellman signed the document in the presence of Joseph Weiss, her former attorney. The Board did not call Attorney Weiss as a witness to attest to Spellman's signature. See Evid.R. 901(B)(1). Nor did the Board call a witness with generalized knowledge of Spellman's signature to identify the purported signature on the document as Spellman's. See Evid.R. 901(B)(2).
 {¶ 10} Since neither Spellman's nor her attorney's signature was supported by testimony, we cannot say the trial court abused its discretion by failing to admit the purported lease agreement into evidence. *Page 4 
 {¶ 11} The Board argues that, even without the actual document containing the terms of the lease agreement, it presented sufficient evidence, through Stevens' testimony, regarding the terms of the lease. The Board's argument is based on two different theories (1) that it presented evidence of an oral lease agreement between Spellman and the Board and (2) that, by living in the residence and paying rent, Spellman agreed to the terms of the purported lease agreement by partial performance.
 {¶ 12} We will initially address the Board's contention that there was an oral contract regarding the lease. The Board only introduced evidence regarding the written lease, which was not admitted into evidence. The Board did not present any evidence that Spellman orally agreed to lease the property.
 {¶ 13} The Board contends the lease should be enforced on a theory of part performance. The Board did present evidence that Spellman lived in the residence and paid rent. However, the problem with enforcing the purported lease agreement on a partial performance theory is that the purported lease was "retroactive" in nature. Partial performance requires acts to be performed in reliance on the contract. See, e.g.,Kaiser v. Caskey, 6th Dist. No. L-01-1487, 2002-Ohio-4082, at ¶ 16, citing Geiger v. Geiger (Nov. 16, 1993), 2d Dist. No. 13841, 1993 Ohio App. LEXIS 5532. The purported lease is dated June 24, 2004. The document states that Spellman was to live in the property from April 19, 2004 through June 30, 2004. This being the case, we cannot accept the fact that Spellman lived in the residence from April through June 2004 as partial performance of a contract that undisputedly did not exist prior to June 24, 2004. Simply stated, "partial performance" cannot occur prior to the date of the formation of the contract. Id. *Page 5 
 {¶ 14} Another means for an oral contract to be enforced is if "injustice cannot otherwise be avoided." Connolly v. Malkamaki, 11th Dist. No. 2001-L-124, 2002-Ohio-6933, at ¶ 22, citing Gathagan v.Firestone Tire Rubber Co. (1985), 23 Ohio App.3d 16, 18, citing Section 217, Comment a, Second Restatement of Contracts. In this matter, the Board's complaint states that Spellman paid $4,500 in rent for living at the property. Also, Stevens testified that Spellman paid her rent in full. Since the Board received $4,500 in exchange for Spellman residing at the property for two-and-one-half months, we cannot say that an injustice has occurred.
 {¶ 15} Finally, the Board argues that Spellman is bound by the lease agreement because her agent, Attorney Weiss, signed the lease. There was no evidence that Attorney Weiss signed the lease. Stevens only testified that Attorney Weiss was present when Stevens signed the lease.
 {¶ 16} The trial court's judgment that there was no lease agreement between the parties was not against the manifest weight of the evidence.
 {¶ 17} Appellant's first and second assignments of error are without merit.
 {¶ 18} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J.
MARY JANE TRAPP, J.,
 concur. *Page 1