**Stroble v. Sir Speedy Printing Center**
*[Cite as 5 AOA 311]*

*Case No. 90AP-25*

*Franklin County, (10th)*
*Decided July 24, 1990*

*Larry R. Zingarelli, for Appellant.*

*Kent F. Ozmun, for Appellees.*

BOWMAN, J.

Appellant, Shirley Stroble ("Stroble"), worked for appellee, Sir Speedy Printing Center ("Speedy"), for over three years. During the course of her employment with Speedy, appellant received yearly reviews, all of which were very positive. Stroble's two-year review states, in part:

"1.) It has been a pleasure working with you during this past year. I have been pleased with your work habits and your attitude. You have taken on new responsibilities willingly and have daone everything you can to serve our customers with quality and on-time delivery.

"2.) You have shown leadership qualities [sic] since taking over managerial responsibilities-In October. I have appreciated your unselfish desire to improve our business, and in helping me in so many ways.
"***

"5.) As I mentioned to you, I am going to investigate some type of retirement plan that I could start for you. I feel that we should be looking at the future, and it seems to me that you are interested in a long term working relationship. Of course, this is what I would desire also, and am willing to help you with whatever considerations we can agree upon to satisfy your financial needs, along with professional growth."

Stroble's three-year review states, in part:

"2.) You continue to maintain excellent work habits and produce excellent quality printing from your press. You have also taken on the managerial responsibilities with energy and determination.
"***

"4.) I would like to offer you a 5% raise effective today (Feb. 4), which would bring your hourly rate to $11.81. I want to take this opportunity to tell you again something I don't [sic] say often enough. That is: 'I appreciate you as a person and what you do for the business. I am glad that you work here and hope we will have many more years of working together.'"

On April 27, 1988, Stroble was discharged by appellee, Barry Lowry ("Lowry").

On February 21, 1989, appellant filed a complaint against appellees for wrongful discharge. On October 3, 1989, appellees filed a motion for summary judgment, arguing that appellant was an employee-at-will. Appellees attached an affidavit of Lowry in which he states that, starting in February 1988, Stroble's relationship with him and other employees, as well as her job performance, deteriorated. As a result, Lowry fired Stroble on April 27, 1988. Lowry also avers that he did not promise Stroble employment, although he had hoped the employer-employee relationship would continue. In opposition to the motion for summary judgment, Stroble submitted her yearly reviews and an affidavit in which she states that, based on her job performance reviews, she understood her job to be secure, that she could only be terminated for cause and she did not accept other employment. The trial court granted the motion for summary judgment and Stroble timely filed a notice of appeal on January 5, 1990, asserting a single assignment of error:

"The trial court erred in determining that as a matter of law there was insufficient evidence of an express or implied contract of continued employment between Appellant and Appellees, and that there was insufficient evidence of detrimental reliance by Appellant upon any such contract, to allow the claim of breach of contract under *Mers v. Dispatch Printing Co.* 19 Ohio St. 3d 100 to be given to a jury."

Pursuant to Civ. R. 56(C), summary judgment may be rendered where there is no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. For the reasons that follow, we are unable to say that reasonable minds could come to but one conclusion and find the trial court erred in granting summary judgment.

Stroble argues that there exist genuine issues of fact as to whether Speedy and Lowry could reasonably expect appellant to conclude from the statements in the yearly reviews that she had a contract of employment that could only

be terminated for just cause and whether Stroble relied on that promise to her detriment. Appellees argue that the phrases relied on by Stroble are only phrases of praise rather than those involving promises. Appellees cite the Ohio Supreme Court's statement in *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St. 3d 131, at 135-136, "*** [t]here is no question that, standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship. *** "

The trial court agreed with appellees and found that "*** the language relied upon by Plaintiff in the three year evaluation letter does not, as a matter of law, form a basis for reasonable reliance. *** " The court based its decision on the following statement in appellant's evaluation letter, which stated:

"*** I am glad that you work here and hope we will have many more years of working together."

The court reasoned that the word "hope" was not in any way definitive and, therefore, found "*** no material issue of genuine fact to support Plaintiff's claim as this particular phrase was allegedly relied upon to her supposed detriment. *** "

There is no dispute that, absent an agreement to the contrary, either party to an oral employment-at-will agreement may terminate the employment relationship for any reason which is not contrary to law. However, there are cases where the parties have effectively altered the original employment-at-will contract by an explicit or implicit agreement concerning discharge. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100. "An additional limit on an employer's right to discharge occurs where representations or promises have been made to the employee which fall within the doctrine of promissory estoppel. *** " *Id.* at 104. "*** Employee handbooks, company policy, and oral representations have been recognized in some situations as comprising components or evidence of the employment contract. *** " *Id.* at 104. The Ohio Supreme Court found, at 105, that:

"*** [T]he doctrine of promissory estoppel is applicable and binding to oral employment-at-will agreements when a promise which the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise."

The court further delineated the test to be applied in such situations as "*** whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Id.* at 105. In holding that the trial court improperly sustained appellees' motion for summary judgment, the court, in *Mers,* found that the meaning of the employer's promise and whether the acts flowing from it were reasonable were questions of fact for the jury.

In *Helmick, supra,* the Ohio Supreme Court held that summary judgment was inappropriate since the trial court had the responsibility to view the evidence in its totality to determine if there were genuine issues of material fact as to whether or not specific promises were made by the employer on which there was detrimental reliance by the employee. The evidence in *Helmick* included allegations that, prior to her employment, the interviewer promised Helmick job security and opportunities for advancement and that, during her employment, the vice-president reassured her that her employment was secure as long as her job performance was good.

The Ohio Supreme Court, in *Kelly v. Georgia-Pacific Corp.* (1989), 46 Ohio St. 3d 134, at 140, stated that:

"*** [R]epresentations made to him in performance reviews, discussions regarding the employee manual, and correspondence from management officials could have been reasonably interpreted by the company as giving him the impression that he had an implied contract of continued employment (conditional upon his acceptable job performance) or inducing him to rely on the representations such as to preclude his search for alternative employment. *** "

The court therefore held that, because the reasonableness of such reliance is a question of fact for the jury, the determination of the issue cannot be resolved by summary judgment.

Here, the trial court found that evidence does not exist that is "*** on par with that presented in *Helmick* to preclude a dismissal of this action. ***" Although the facts in *Helmick, supra,* and the instant case are not the same, they are similar in context.

The trial court focused primarily on one sentence in Stroble's job performance reviews in finding that the evidence did not rise to the level of evidence presented in *Helmick, supra,* and thus reasonable minds could come to one conclu-

sion, which was adverse to the appellant. However, as the trial court notes, "*** the facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge. *** " *Mers, supra,* at 104.

The statements made by Lowry could very well have created an implied promise and expectation of continued employment. Whether such an expectation was created and whether it was reasonable are questions of fact for a jury.

As in *Kelly* and *Helmick, supra,* Lowry's statements to Stroble could have been reasonably interpreted as giving Stroble the impression that she had an implied contract of continued employment, providing her job performance remained acceptable, or inducing her to rely on such representations to prevent her from accepting other employment. As Stroble argues, Lowry does not contest the fact that she did not accept other employment, stating only that he did not know of other employment being offered. Whether such an expectation was created and whether it was reasonable are questions of fact for a jury.

Therefore, summary judgment on Stroble's wrongful discharge action was improper. The Ohio Supreme Court has made clear that the meaning of Lowry's statements and whether the acts flowing from it were reasonable are, in this instance, questions of fact for jury determination. *Mers, supra; Helmick, supra.* The trial court had the duty to view the evidence in its totality, construe it in favor of the non-moving party, and determine whether or not issues of fact exist as to whether promises were made on which there was detrimental reliance.

Accordingly, appellant's assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and
case remanded.*

YOUNG and COLE, J.J., concur.

COLE, J., of the Clark County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.