ROGERS, Appellant,

v.

TARGOT TELEMARKETING SERVICES et al., Appellees.

[Cite as *Rogers v. Targot Telemarketing Services* (1990), 70 Ohio App.3d 689.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–614.

Decided Dec. 18, 1990.

*John S. Marshall* and *James D. McNamara,* for appellant.

*Martin, Pergram, Browning & Parker Co., L.P.A.,* and *Dennis L. Pergram,* for appellees.

---

Peggy Bryant, Judge.

Plaintiff-appellant, Mary L. Rogers, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Targot Telemarketing Services and Nancy Wilson. Plaintiff's single assignment of error states:

"The Trial Court erred in granting Defendant's Civil Rule 12(B)(6) Motion to Dismiss where Plaintiff's complaint set forth a state of facts which would entitle her to relief on her wrongful discharge, fraud, and intentional infliction of emotional distress claims."

On February 28, 1989, plaintiff filed a complaint against defendants asserting that defendants hired plaintiff away from another telemarketing service; that plaintiff accepted employment with defendants relying on defendants' representations that plaintiff would be required to work only part-time hours; and that she would have continued employment so long as the company was successful. Plaintiff's concern about hours emanated from her need to care for her child.

According to the complaint, plaintiff was employed as a sales coordinator for defendants from December 1986 until January 1989, when she was wrongfully terminated and without just cause. Plaintiff alleges that the representations defendants made to her "that she would have continued employment, were false, made repeatedly, and were made with the intent of causing Plaintiff to rely upon them." Plaintiff further asserts that the "said acts were done by Defendants knowingly and intentionally." As a result of those acts, plaintiff alleges that she has suffered "loss of employment and income, emotional distress, embarrassments, loss of benefits, wages and bonuses due to her inconvenience and expense."

Thereafter, in plaintiff's complaint, she asserts, first, a claim of breach of contract, second, a claim of fraud, and third, a claim of intentional infliction of emotional distress.

On April 30, 1990, defendants filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6). Specifically, defendants moved the court to dismiss part of plaintiff's first claim for relief, and all of her second and third claims for relief. According to the parties, immediately prior to trial the trial court granted defendants' motion to dismiss. Plaintiff then filed a voluntary dismissal as to the remaining bases for relief under the first claim of her complaint, and appealed the trial court's entry granting defendants' motion to dismiss.

In assessing the propriety of the trial court's action, we examine only the allegations of the complaint. Assuming those allegations to be true, as we must for purposes of a Civ.R. 12(B)(6) motion, we may affirm the trial court's dismissal of plaintiff's complaint only if no set of facts exists which would entitle plaintiff to relief under the allegations of her complaint. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Applying those parameters herein, we first examine the allegations of plaintiff's complaint in the context of a claim for breach of contract.

■ Under Ohio law, an express agreement of employment with no fixed duration is deemed at will, meaning that the employee is free to seek work elsewhere and that the employer may discharge the employee without cause. *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118. However, in recent years, Ohio courts have carved out two exceptions to the employment-at-will doctrine: implied contract and promissory estoppel. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150.

■ Preliminarily, we note that plaintiff's complaint alleges only a breach of contract; plaintiff does not assert by name either the implied contract or promissory estoppel theories of recovery. However, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Nor should a complaint be dismissed that does not state with precision all the elements that give rise to a legal basis for recovery." *Thomas W. Garland, Inc. v. St. Louis* (C.A.8, 1979), 596 F.2d 784. See, also, *Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.* (N.D.Ohio 1984), 597 F.Supp. 983. Accordingly, despite plaintiff's failure to assert

particularly the theories of implied contract and promissory estoppel, we examine her complaint under those theories as well.

While we agree with defendants that plaintiff's complaint fails to state a claim for breach of contract or for implied contract, we find the allegations of plaintiff's complaint sufficient to withstand a motion to dismiss under a promissory estoppel theory. In *Mers, supra,* the Supreme Court established the essential elements of promissory estoppel at paragraph three of the syllabus:

"The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

Further, in *Kelly v. Georgia–Pacific Corp.* (1989), 46 Ohio St.3d 134, 139, 545 N.E.2d 1244, 1250, the Supreme Court, quoting from *Mers, supra,* noted:

" 'In our view, the employer's representation is to be determined by what the "promisor should reasonably expect" the *employee* to believe the promise means if expected action or forbearance results. Consequently, we find that the meaning of the Dispatch's promise, and whether the acts flowing from it were reasonable, are questions of fact for jury determination.' (Emphasis *sic.*) *Id.* [19 Ohio St.3d] at 105, 19 OBR at 265, 483 N.E.2d at 154–155."

In this case, plaintiff has presented evidence that she was induced to leave her employment and work for defendants by the promise of continued employment and part-time hours so long as the company was successful. Plaintiff's allegations thus state a claim in promissory estoppel under *Mers, supra,* and present issues incapable of resolution on a motion to dismiss, such as whether defendants made such an inducement, whether defendants should have expected the representation to be relied upon, whether the representation was the real inducement for plaintiff to leave her employment to work for defendants and, finally, whether her actions in so doing were detrimental to plaintiff. *Kinnear, Div. of Harsco Corp. v. Lasater* (Mar. 30, 1989), Franklin App.No. 88AP–1087, unreported, 1989 WL 29383. Whether defendants' representations created an expectation of continued employment, and whether such an expectation was reasonable are questions of fact for the jury. *Stroble v. Sir Speedy Printing Ctr.* (1990), 68 Ohio App.3d 682, 589 N.E.2d 449.

Defendant asserts, however, that the Statute of Frauds bars plaintiff's first claim. The Statute of Frauds is not an appropriate means to dismiss a claim for promissory estoppel. Although the Statute of Frauds may defeat an oral contract claim, a related claim of promissory estoppel may

survive, *Gathagan v. Firestone Tire & Rubber Co.* (1985), 23 Ohio App.3d 16, 23 OBR 49, 490 N.E.2d 923, as such is not based upon contract. *Ackman v. Ohio Knife Co.* (D.C.Ohio 1984), 589 F.Supp. 768. In addition, the Statute of Frauds is an affirmative defense and, as such, must be specifically pleaded. At this stage of the proceedings, our review is confined to the face of the plaintiff's complaint. Inasmuch as plaintiff's pleading does not affirmatively show that her cause of action is barred by the Statute of Frauds, the Statute of Frauds cannot be dispositive of plaintiff's claim herein. See *Courier v. Knapp* (C.A.3, 1971), 442 F.2d 422; cf. *Vandemark v. Southland Corp.* (1988), 38 Ohio St.3d 1, 525 N.E.2d 1374.

Given the foregoing, we sustain plaintiff's assignment of error as it relates to the first claim of her complaint.

■ The second claim for relief of plaintiff's complaint asserts fraud against defendants. The Supreme Court stated the elements of fraud in *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101:

"(a) a representation or, where there is a duty to disclose, concealment of a fact,

"(b) which is material to the transaction at hand,

"(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

"(d) with the intent of misleading another into relying upon it,

"(e) justifiable reliance upon the representation or concealment, and

"(f) a resulting injury proximately caused by the reliance." *Id.* at paragraph two of the syllabus.

Defendants assert that the complaint contains no allegations that defendants made the allegedly false statements herein with knowledge of their falsity, and that the complaint fails to allege justifiable reliance upon the representations defendants made. Again, we disagree. Specifically, plaintiff has alleged that false representations material to the transaction were made; that the representations were made repeatedly and with the intent of causing plaintiff to rely upon the representations; that she accepted employment with defendants; and that she was injured thereby. Indeed, the only element of fraud questionable on the face of plaintiff's complaint is that the defendants made the false representations with knowledge of their falsity. However, the allegations in paragraphs nine and ten of plaintiff's complaint state in full:

"9.  The representations made by Defendants to Ms. Rogers that she would have continued employment were false, were made repeatedly, and were made with the intent of causing Plaintiff to rely upon them.

"10.  The said acts were done by the Defendants knowingly and intentionally."

Inasmuch as paragraph ten purports to modify all the acts set forth in paragraph nine of the complaint, the complaint is susceptible of more than one interpretation.  At least one of those interpretations suggests that defendants knew of the falsity of their acts, thus meeting the third prong of the elements of fraud set forth in *Burr, supra.*

Given the foregoing and the procedural posture of this case, we sustain plaintiff's assignment of error as to the second count of her complaint.

█  Finally, the third claim of plaintiff's complaint fails to set forth a claim for intentional infliction of emotional distress.  As both parties note, the Ohio Supreme Court in *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, defined the tort of intentional infliction of emotional distress as follows:

"One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."  *Id.* at syllabus.

Plaintiff did not allege that defendants engaged in extreme and outrageous conduct;  and we are unable to conclude that the allegations, even if they be egregious, state a claim for intentional infliction of emotional distress.  Indeed, in *Yeager*, the Supreme Court discussed the type of conduct indicative of the tort:

" ' * * * It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitled the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  * * *' "  *Id.* at 374–375, 6 OBR at 426, 453 N.E.2d at 671.

Plaintiff's allegations simply fail to rise to the level of extreme and outrageous conduct, especially in light of the absence of any allegation of serious emotional distress.  Cf. *Kerr v. Procter & Gamble* (Feb. 14, 1989), Franklin App. No. 88AP–629, unreported, 1989 WL 11961.

Accordingly, we sustain plaintiff's single assignment of error as it relates to her claims for breach of contract and fraud, and we overrule her assignment of error as it relates to her claim for intentional infliction of emotional distress. However, having sustained her assignment of error in part, we reverse the judgment of the trial court and remand for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.