19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard M. KENNARD, Plaintiff-Appellant,
v.
Jerry WRAY, Director, Ohio Department of Transportation,
Individually and In His Official Capacity,
Defendant-Appellee.
 No. 93-3138.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges; and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff brought this action under 42 U.S.C. Sec. 1983, alleging that his rights to freedom of association and due process of law were violated when he was demoted from his probationary position by defendant. On appeal, the issue is whether the district court's grant of summary judgment to defendant was proper. For the reasons that follow, we affirm.
 
 I.
 
 2
 The Ohio Department of Transportation hired plaintiff Richard Kennard in 1971. On January 13, 1991, Kennard was promoted from his position of Highway Maintenance Superintendent 1 to the position of Highway Maintenance Superintendent 2. Under Ohio law, he was required to serve a 180-day probationary period in the new position. On July 9, 1991, Kennard received a letter from the Director of the Ohio Department of Transportation, defendant Jerry Wray, informing Kennard that he had failed to complete his probation satisfactorily because of "failure to meet the minimum requirements for the satisfactory performance of your duties." J.A. 36. Kennard was demoted to his prior position of Highway Maintenance Superintendent 1.
 
 
 3
 Kennard appealed this decision to the Ohio State Personnel Board of Review, which had jurisdiction only to determine whether the Department of Transportation had complied with the rules and statutes governing the demotion. The only procedural issue apparently raised was the failure of Wray to give a report to the State Director of Administrative Services explaining why Kennard's probationary performance was unsatisfactory. The Board of Review adopted the administrative law judge's recommendation to dismiss the appeal for failure to state a claim. Kennard then appealed that decision to the Franklin County Common Pleas Court, which affirmed the Board of Review's decision because Kennard failed to state the grounds for appeal as required by Ohio Revised Code Ann. Sec. 119.12.
 
 
 4
 Kennard then filed this action in Preble County Common Pleas Court against Wray in his official and individual capacities, alleging two claims for relief presumably under 42 U.S.C. Sec. 1983. The action was removed to federal court.
 
 
 5
 The first claim alleged that Wray, acting under color of state law, failed to follow the procedures required by state law and administrative regulations in making the decision to demote Kennard. The complaint asserted that Kennard maintained a property interest in the position of Highway Maintenance Superintendent 2, and Wray's actions violated his right to procedural due process under the Fourteenth Amendment to the United States Constitution. The second claim for relief alleged that Kennard was a Democrat and Wray was a Republican, and after Kennard was demoted, the Highway Maintenance Superintendent 2 position was filled with a less qualified employee who was a Republican. The complaint asserted that Wray violated Kennard's rights under the Fourteenth and First Amendments to the United States Constitution by demoting Kennard because of his political affiliation. Kennard's complaint asked for reinstatement, damages, attorney fees, costs, and other unspecified relief.
 
 
 6
 After answering the complaint, defendant Wray, arguing sovereign immunity, moved to dismiss all damage claims against him in his official capacity. Kennard then apparently conceded that the damage claims against Wray in his official capacity were barred but requested that the demand for prospective injunctive and equitable relief against Wray in his official capacity and the claim for damages against Wray in his individual capacity be sustained.
 
 
 7
 Defendant Wray then moved for summary judgment based on his affidavit, which stated that (1) he did not personally make the decision to demote Kennard, (2) he had delegated signature authority for many lower level personnel decisions, and (3) he did not personally sign the letter[1] advising Kennard of the demotion. Wray argued that he could not be liable in his individual capacity because he did not cause the alleged harm and that he was entitled to qualified immunity. Wray further argued that Kennard's due process claim was precluded by the previous appeals to the State Personnel Board of Review and the Franklin County Common Pleas Court, and also was not actionable because Kennard had not shown that his state law remedies were inadequate or that he had a protected property interest. Kennard objected to Wray's summary judgment motion and moved for partial summary judgment, arguing that Wray could not delegate his authority over personnel decisions.
 
 
 8
 The district court granted defendant Wray's motion for summary judgment and denied plaintiff Kennard's motion for partial summary judgment. This timely appeal followed.
 
 II.
 
 9
 This court reviews a grant of summary judgment de novo, using the same test as the trial court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). In its review, this court must view all facts and inferences in the light most favorable to the nonmoving party. Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 10
 The party seeking summary judgment bears the initial burden of showing the district court that there is an absence of a genuine dispute over any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden "may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325. In order to defeat the motion for summary judgment after the movant has carried its initial burden, the nonmoving party cannot respond by merely resting on the pleadings, but rather the nonmoving party must present some "specific facts showing that there is a genuine issue for trial." Id. at 324 (quoting Fed.R.Civ.Proc. 56(e)).
 
 
 11
 Plaintiff's complaint stated claims for deprivation of his Constitutional rights to due process under the Fourteenth Amendment and to freedom of association or political affiliation under the Fourteenth and First Amendments. He sued defendant in his official capacity as Director of the Ohio Department of Transportation and in his individual capacity. Plaintiff prayed for equitable relief as well as money damages.
 
 A.
 
 12
 As to the claims against defendant Wray in his individual capacity, the district court held that Wray was entitled to dismissal because he had delegated his authority over lower-level personnel decisions, such as the decision to demote Kennard, and therefore he did not cause Kennard's alleged harm.[2] Along with his motion for summary judgment, defendant Wray filed his own affidavit stating that (1) "[f]or many lower level personnel decisions, [he] ha[d] delegated signature authority"; (2) he "did not personally make the decision finding that [plaintiff] Kennard did not satisfactorily [sic] complete the probation period"; and (3) he "did not personally sign the July 8, 1992, letter to [plaintiff] Kennard." J.A. 35. Wray's lack of involvement in Kennard's demotion shields him from the claims against him in his individual capacity because respondeat superior is not an appropriate basis for liability under Sec. 1983. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.) (holding that "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."), cert. denied, 469 U.S. 845 (1984).
 
 
 13
 Kennard concedes that Wray delegated the signature authority, but argues that this delegation of authority was illegal under state law and therefore void. Whether or not the delegation of authority was legal under state law is irrelevant because the fact remains that defendant Wray did not participate in the decision to demote Kennard, and therefore did not cause the alleged constitutional deprivation. Furthermore, Kennard's contention that Wray's delegation of authority was illegal under state law is not cognizable in this Sec. 1983 action.
 
 B.
 
 14
 The district court held that the damages claims against Wray in his official capacity were barred by sovereign immunity. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (a suit against a state official in his official capacity is a suit against the state itself); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (neither a state nor its officials sued in their official capacity for money damages is a "person" capable of being sued under 42 U.S.C. Sec. 1983). Plaintiff, properly, does not challenge this conclusion.
 
 C.
 
 15
 The claims for injunctive relief against Wray in his official capacity were not barred by the Eleventh Amendment. See Hafer v. Melo, 112 S.Ct. 358, 364-65 (1991); Will, 491 U.S. at 71 n. 10. However, the district court held that plaintiff was not entitled to injunctive relief for his procedural due process claim because he did not have a protected property interest in his probationary position.
 
 
 16
 The Due Process Clause of the Fourteenth Amendment prohibits "any State [from] depriv[ing] any person of life, liberty, or property, without due process of law." A person is constitutionally entitled to due process only if the state's actions deprived him of one of the three interests specified: life, liberty, or property. Plaintiff argues that there is a genuine issue of material fact as to whether he maintained a protected property interest in continued employment as Highway Maintenance Superintendent 2.
 
 
 17
 A mere "unilateral expectation" of continued employment does not create a constitutionally protected property interest. Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Duncan v. City of Oneida, 735 F.2d 998, 1000 (6th Cir.1984). Rather, to have a protected property interest, the public employee must have a "legitimate claim of entitlement" to the position. Roth, 408 U.S. at 577. "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985) (quoting Roth, 408 U.S. at 577). "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." Bishop v. Wood, 426 U.S. 341, 344 (1976) (footnote omitted). Accordingly, we must analyze Ohio law to determine if it supports plaintiff's claim of entitlement to continued employment at the Highway Maintenance Superintendent 2 position.
 
 
 18
 Under Ohio law, civil service employees, like Kennard, who are promoted must serve a probationary period in their new position before the promotion becomes final. Kennard was demoted during the second half of his probationary period, before the promotion was final. Ohio Rev.Code Ann. Sec. 124.27 provides in relevant part:
 
 
 19
 All original and promotional appointments, ... shall be for a probationary period, not less than sixty days nor more than one year, ... and no appointment or promotion is final until the appointee has satisfactorily served his probationary period.... If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. If the appointing authority's decision is to remove the appointee, his communication to the director shall indicate the reason for such decision.
 
 
 20
 Applying this statute, the Ohio courts have held that a probationary employee in the second half of the probationary period does not have a legitimate claim of entitlement to continued employment because the promotion is not final until the employee has satisfactorily served his probationary period. Walton v. Montgomery County Welfare Dep't, 430 N.E.2d 930, 935 (Ohio 1982); Taylor v. City of Middletown, 568 N.E.2d 745, 749 (Ohio Ct.App.1989) (per curiam); Hill v. Gatz, 410 N.E.2d 1268, 1272-73 (Ohio Ct.App.1979). Furthermore, the decision to demote a probationary employee in the second half of the probationary period is "solely within the discretion of the appointing authority." Taylor, 568 N.E.2d at 748. Because the statute provides that a promotion is not final until the satisfactory completion of the probationary period, and the determination of what is satisfactory and the decision to demote plaintiff from his probationary position were solely within the discretion of the Ohio Department of Transportation, the appointing authority, plaintiff did not have a property interest in his new position created by statute.[3]
 
 
 21
 Plaintiff also points to Ohio Admin.Code Sec. 123:1-19-01, which provides in relevant part:
 
 
 22
 Whenever an employee is given a probationary removal, a written statement of the reasons for such removal, signed by the appointing authority, showing the respects in which the employee's service was not satisfactory, shall be given to the employee and the Director of Administrative Services.
 
 
 23
 However, this administrative rule does no more than provide a procedure for demotions from a probationary position. It does not confer a right to continued employment in the probationary position, and it does not restrict the appointing authority's discretionary decisionmaking power. Therefore, Ohio Admin.Code Sec. 123:1-19-01 does not support plaintiff's claim of entitlement to the position.
 
 
 24
 A contractual right under state law may support an employee's claim of entitlement to continued employment. See Bishop, 426 U.S. at 344; Roth, 408 U.S. at 577. Kennard did not have an express contract. However, under Ohio law, an employee's right to continued employment may be based on principles of implied contract or promissory estoppel. Mers v. Dispatch Printing Co., 483 N.E.2d 150, 153-55 (Ohio 1985) (recognizing implied contract and promissory estoppel as exceptions to the employment-at-will doctrine). "[T]he facts and circumstances surrounding an oral employment-at-will relationship ... can be considered by the trier of fact in order to determine the explicit and implicit terms concerning discharge." Kelly v. Georgia-Pacific Corp., 545 N.E.2d 1244, 1249-50 (Ohio 1989). "An additional limit on an employer's right to discharge occurs where representations or promises have been made to the employee which fall within the doctrine of promissory estoppel." Mers, 483 N.E.2d at 154. "The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employees and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Id. at 155; see also Helmick v. Cincinnati Word Processing, 543 N.E.2d 1212, 1217 (Ohio 1989) ("A demonstration of detrimental reliance on specific promises of job security can create an exception to the employment-at-will doctrine.").
 
 
 25
 In this case, plaintiff argues that an internal Department of Transportation policy requiring probationary employees to be told in their mid-probation interview "what they need to successfully complete the probationary period"[4] and his assertion that he received excellent performance reviews show there was a genuine issue of material fact as to whether he had a contractual right to continued employment absent a showing of cause. Representations made in performance evaluations have, in some circumstances, been held to create a genuine issue of material fact as to whether there was an implied promise and expectation of continued employment. Stroble v. Sir Speedy Printing Ctr., 589 N.E.2d 449, 452 (Ohio Ct.App.1990). However, "[t]here is no question that, standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship." Helmick, 543 N.E.2d at 1216. Thus, the performance evaluations that have created genuine issues of material fact have contained statements about the employer's desire for the employee's continued employment. See Stroble, 589 N.E.2d at 449 (employer stated that it was his "desire" that they have a long-term working relationship and that he "hope[d] we will have many more years of working together"). There is no indication that, in this case, statements were made to plaintiff about continued employment at the probationary position. Plaintiff merely asserts that he received excellent performance reviews.
 
 
 26
 Plaintiff does not point to any statements made to him about continued employment upon which he could have been reasonably expected to rely. Furthermore, there is no indication that Kennard actually relied on any representations and took any detrimental action. Therefore, the promissory estoppel exception to the employment-at-will doctrine recognized by Ohio law does not apply, and Kennard does not have any claim of entitlement to his probationary position based on this theory.
 
 
 27
 Plaintiff's reliance on Jeffries v. Celeste, 654 F.Supp. 305 (S.D.Ohio 1986), is misplaced. In that case, state employees were terminated from their positions with the Ohio Lottery Commission and brought an action against state officials alleging violations of their Constitutional right to due process. The district court determined that there was a jury question as to whether the employees had a protected property interest in continued employment, because the Ohio Lottery Commission had promulgated a "Progressive Discipline Policy" detailing the circumstances that would be good cause for termination. The court held that this policy manual created a genuine issue of material fact as to whether the employees had a contractual right to continued employment absent a showing of good cause for discharge. In this case, however, there is no employee manual or internal policy indicating that probationary employees have a right to continued employment absent a showing of good cause. The performance review system of the Department of Transportation merely provides for the timing and content of performance evaluations. The performance review system, even viewed in conjunction with the alleged excellent performance reviews received by plaintiff, does not give plaintiff an implied contractual right to continued employment in the probationary position absent a showing of good cause. Therefore, the implied-contract exception to the employment-at-will doctrine recognized by Ohio law does not apply, and Kennard does not have any claim of entitlement to his probationary position based on this theory.
 
 
 28
 Furthermore, in responding to defendant's motion for summary judgment, plaintiff did not point to facts in the record indicating the applicability of implied contract or promissory estoppel principles. In fact, the district court did not understand the plaintiff to be making any contractual argument. The district court distinguished Jeffries because "no such contractual assertions are made here." Decision and Order at 7, J.A. 64. The only indication of such an argument was contained in the complaint's allegations that plaintiff received performance reviews dated April 12, 1991, and July 8, 1991, "indicating that he met or exceeded all expectations" for the position of Highway Maintenance Supervisor 2. J.A. 12. The performance reviews themselves are not in the record. Mere reliance on the pleadings is insufficient to establish a genuine issue of material fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 29
 Thus, there was no genuine issue of material fact as to whether Kennard maintained a protected property interest in his probationary position. The statutes and administrative regulations that Kennard points to do not support his claim of entitlement to the position because they expressly provide that a promotion is not final until the probationary period has been satisfactorily completed, and they leave the decision to remove an employee from the probationary position solely to the discretion of the appointing authority. Likewise, Kennard has not pointed to any facts raising the possibility that he had a contractual right that would give him a claim of entitlement to the position. Because Kennard did not maintain a protected property interest in his probationary position, summary judgment was appropriate on all of the procedural due process claims against Wray.
 
 D.
 
 30
 As to the political affiliation claim against Wray in his official capacity, the district court did not make a clear holding. However, Kennard has conceded that Wray had delegated his authority over lower-level personnel decisions. Therefore, his claim for injunctive relief could only reach Wray in his personal capacity through a theory of respondeat superior. Such a claim must fail because respondeat superior cannot be the basis for liability under Sec. 1983, just as respondeat superior cannot be the basis for an award of damages against an official in his individual capacity. See Duchesne v. Sugarman, 566 F.2d 817, 830-31 (2d Cir.1977). Therefore, whether Kennard's First Amendment rights were in fact violated are not, we hold that Kennard cannot obtain injunctive relief against Wray in his official capacity based on the allegations and facts in the record.
 
 III.
 
 31
 For the reasons stated, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Wray's affidavit states: "I did not personally sign the July 8, 1992, letter to Mr. Kennard which is attached to this Affidavit." J.A. 35. The letter attached to the affidavit, which had advised Kennard of his demotion, is actually dated July 8, 1991
 
 
 [2]
 The district court further held that "[f]or the one act Mr. Wray did do--delegating his authority in some personnel matters to a subordinate--he is entitled to qualified immunity." Decision and Order at 9, J.A. 66
 
 
 [3]
 It is unclear whether plaintiff concedes this point. Plaintiff quotes this statute in support of his argument that he did have a protected property interest. Appellant's Brief at 4. He later states that he "did not have a property interest created by statute" and seemingly relies exclusively on his implied contract argument (discussed below) to establish a protected property right. Appellant's Brief at 7. However, plaintiff seemed to change his mind in his reply brief, arguing that the procedures required by Ohio Rev.Code Ann. Sec. 124.27, Ohio Admin.Code Sec. 123:1-19-01, and the Ohio Department of Transportation's internal rules for performance reviews, taken together, create a protected property interest
 
 
 [4]
 The internal rules of the Ohio Department of Transportation require that probationary employees be given performance reviews and state that:
 [i]t is important throughout the probationary period for the employee to have a clear understanding of whether their job performance is satisfactory. The mid-probation review is an important part of this process. The employee should know at the mid-probation interview what they need to successfully complete the probation period.
 ODOT Performance Review System at 3.