OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Lawrence Swaykus appeals the decision of the Jefferson County Court, District No. 2, dismissing his counterclaim for intentional infliction of emotional distress against Appellee Sears Roebuck Company. The issue we must address is whether Swaykus' counterclaim failed to state a claim upon which relief could be granted. Because Swaykus failed to allege either outrageous conduct or serious emotional distress, we conclude the trial court properly dismissed Swaykus' counterclaim.
 {¶ 2} Initially, Sears filed the underlying lawsuit for money damages based on an alleged contract for the extension of credit. Sears alleged Swaykus failed to make payments under the contract and as a result exercised its right to accelerate payment. In response, Swaykus filed an answer and counterclaim alleging intentional infliction of emotional distress. Sears countered with a motion to dismiss Swaykus' counterclaim based on his failure to state a claim. After both parties were given an opportunity to brief the issue, the trial court granted Sears' motion to dismiss. Because the trial court did not include the language "no just reason for delay", the order did not become final and appealable until the underlying lawsuit was dismissed on March 25, 2002. Swaykus timely appealed from that order.
 {¶ 3} Swaykus asserts in his two assignments of error, which we will address together:
 {¶ 4} "The trial court erred in applying its interpretation of the law for a justifiable claim for damages as a result of the intentional infliction of emotional distress due to the extreme and outrageous conduct of the tortfeasor."
 {¶ 5} "Ohio has held that one who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."
 {¶ 6} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. Bridges v. Natl.Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112.
 {¶ 7} Essentially, Swaykus claims it was improper for the trial court to dismiss his counterclaim based on the failure to state a claim pursuant to Civ.R. 12(B)(6). Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. State ex rel. Drakev. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40, 528 N.E.2d 1253. Thus, appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo, and we need not defer to the trial court's decision to dismiss Swaykus' counterclaim. Hunt v. MarksmanProd., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
 {¶ 8} A plaintiff is not required to prove his case at the pleading stage. The trial court may not grant a motion to dismiss if there is a set of facts consistent with the complaint which would allow the plaintiff to recover. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 145, 573 N.E.2d 1063. In assessing a trial court's dismissal of a complaint, a reviewing court examines only the allegations of the complaint. Assuming those allegations to be true, the dismissal is affirmed only if no set of facts exists which would entitle the plaintiff to relief under the allegations of the complaint. Rogers v. TargotTelemarketing Services (1990), 70 Ohio App.3d 689, 591 N.E.2d 1332.
 {¶ 9} In order to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following: (1) the defendant intended to cause serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and, (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. Phung v. Waste Mgt., Inc. (1994), 71 Ohio St.3d 408, 410,644 N.E.2d 286.
 {¶ 10} Swaykus' counterclaim in its entirety alleges, "* * * the Plaintiff knowingly filed a false and injurious Complaint against the Defendant, and caused him undue embarrassment, worry, and anxiety, as well as, legal fees to Defendant in that claim." Swaykus' counterclaim falls short of alleging any of the elements required to establish the tort of intentional infliction of emotional distress. Although Ohio courts allow for notice pleading under Civ.R. 8, other districts have dismissed claims based on the plaintiff's failure to allege particular elements of the tort in the complaint.
 {¶ 11} For example, the Fourth District dealt with a case involving facts similar to the present situation in Southern Ohio MedicalCenter v. Harris (Sept. 3, 1999), 4th Dist. No. 98 CA 2604. In Harris, the defendant filed a counterclaim alleging intentional infliction of emotional distress that was premised solely on the filing of the underlying lawsuit. The Fourth District opined:
 {¶ 12} "`Parties generally cannot be held liable under a theory of intentional infliction of emotional distress for having performed an action they were legally entitled to perform.' See Scott v. Spearman
(1996), 115 Ohio App.3d 52, 58, 684 N.E.2d 708, 711. The mere filing of a complaint, without more, is insufficient to demonstrate the sort of extreme and outrageous conduct addressed by the tort of intentional infliction of emotional distress." Id. at 4.
 {¶ 13} Similarly, in Scott v. Spearman (1996), 115 Ohio App.3d 52,684 N.E.2d 708, the Fifth District asked itself, "Can a legally sanctioned act give rise to the tort of intentional infliction of emotional distress?" The court concluded it could not, reasoning, "To hold otherwise would give rise to intentional tort claims for every Internal Revenue Service notice or filing. April 15 in every year would give rise to a whole string of lawsuits for intentional infliction of emotional distress." Id. at 58.
 {¶ 14} In the present case, we likewise conclude Swaykus has based his claim upon behavior that is inactionable. As in Harris, Swaykus bases his emotional distress claim solely upon Sears filing the underlying lawsuit. Further, he fails to allege Sears' conduct was outrageous, and that Sears intended to and did cause serious emotional distress. Thus, there can be no set of facts consistent with the counterclaim that would allow Swaykus to recover. We conclude the trial court properly dismissed Swaykus' counterclaim as a matter of law.
 {¶ 15} Accordingly, Swaykus' assignments of error are meritless and the decision of the trial court is affirmed.
Vukovich, P.J. and Waite, J., concurs.