OPINION
{¶ 1} Plaintiff-appellant, Troy Kirksey, appeals from the Franklin County Court of Common Pleas' grant of summary judgment to defendants-appellees, Automotive Cosmetics Corporation ("ACC") and David B. Miller. For the following reasons, we affirm.
 {¶ 2} In May 2000, appellant began working for ACC as a mobile touch-up technician. As a mobile touch-up technician, appellant's job duties required him to drive a company truck to designated used-car dealerships, examine cars to determine if touch-up repairs were needed, get such work approved by the dealership and perform the touch-up repairs. Additionally, ACC required appellant to communicate what repair work he performed to his supervisor throughout the workday.
 {¶ 3} When appellant was hired, he signed an "Employment Agreement," which included confidentiality, non-compete and liquidated damages clauses. The Agreement also stated that "[i]t is expressly understood and agreed that Employee's employment by A.C. Corp may be terminated at any time by A.C. Corp or Employee * * *." If appellant elected to terminate his employment with ACC, the Agreement required appellant to notify ACC of his resignation two weeks prior to leaving his job, or forfeit his final paycheck.
 {¶ 4} Further, the Agreement specified that ACC would pay appellant $8 per hour until he generated $900 in sales for two consecutive weeks. Thereafter, appellant would be paid a commission of 35 percent of his gross sales.
 {¶ 5} Although appellant was initially a stellar employee, ACC began experiencing problems with appellant, including appellant's confrontational attitude, his failure to communicate with his supervisor and his overuse of his company-issued cell phone for personal calls. On July 27, 2000, David Miller, the President of ACC, and Frank Alderson, appellant's supervisor, met with appellant and formally reprimanded him. The next morning, appellant gave Mr. Miller a written resignation notice. Appellant claims that when he handed his notice to Mr. Miller, Mr. Miller fired him.
 {¶ 6} A few days later, appellant visited ACC to retrieve his final paycheck. While at ACC, appellant encountered Mr. Miller, and after the two discussed the situation, Mr. Miller offered to rehire appellant. Appellant claims that as part of this offer, Mr. Miller promised to increase appellant's commission on the touch-ups he performed to 40 percent.
 {¶ 7} Appellant returned to work with ACC on August 8, 2000. However, ACC again experienced problems with appellant's job performance and negative attitude. On November 2, 2000, appellant met with Mr. Miller and Steve Croyle, Vice President of Operations at ACC. During this meeting, Mr. Miller informed appellant that ACC was terminating his employment as a mobile touch-up technician, but was offering him a position in the ACC body shop as a detailer. Appellant declined the position as a detailer, and left the ACC premises.
 {¶ 8} On March 18, 2002, appellant filed a complaint against ACC and Mr. Miller, asserting claims of breach of contract and intentional infliction of emotional distress, and seeking monetary damages and a declaratory judgment that the Agreement was null and void. Defendants filed a motion for summary judgment, to which appellant responded. On March 3, 2003, the trial court granted summary judgment to defendants on all appellant's claims, with the exception of the request for declaratory relief. On March 21, 2003, the trial court dismissed appellant's claim for declaratory relief as moot because the Agreement had expired. Appellant filed this appeal.
 {¶ 9} On appeal, appellant assigns the following errors:
1. The court erred by determining that no issue of material facts existed as to whether the employment agreement in question was terminable at the will of either party under Ohio law.
2. The court erred by failing to take into consideration the totality of circumstances and documents to determine that there was no genuine issue of material fact concerning whether there was an express or implied alteration of the terms affecting appellant's discharge to warrant an exception from the "employment at will doctrine."
3. The court erred by failing to take into consideration appellees' express and implied promises of future, secure employment to determine that there was no genuine issue of material fact concerning whether a "promissory estoppel" exception to Ohio's "employment at will doctrine" was appropriate.
(Emphasis sic.)
 {¶ 10} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 11} As appellant argues his first and second assignments of error together, we will address these assignments together. By his first and second assignments of error, appellant asserts that his employment with ACC was not "at will" because provisions in the Agreement and Mr. Miller's oral promises altered the terms of his discharge.
 {¶ 12} Pursuant to Ohio law, "an express agreement of employment with no fixed duration is deemed at will, meaning that the employee is free to seek work elsewhere and that the employer may discharge the employee without cause." Rogers v. TargotTelemarketing Serv. (1990), 70 Ohio App.3d 689, 692. However, Ohio courts have recognized two exceptions to this employment-at-will doctrine:
(1) the existence of implied or express contractual provisions which alter the terms of discharge; and (2) the existence of promissory estoppel where representations or promises have been made to an employee.
Wright v. Honda of Am. Mfg. (1995), 73 Ohio St.3d 571, 574. See, also, Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, 104.
 {¶ 13} In the case at bar, the crux of appellant's breach of contract claim is that ACC breached the Agreement by terminating his employment for "inappropriate and unjustifiable reasons." (Complaint, at ¶ 15.) The Agreement, however, states that ACC can terminate appellant's employment at any time. Further, as the Agreement does not include a fixed duration of employment, appellant's employment is deemed at will. Thus, because of the at-will nature of appellant's employment, his breach of contract claim is unsustainable, unless he can show that: (1) the Agreement or the circumstances surrounding his employment altered ACC's discretion so that it could only terminate him for good cause, or (2) he relied upon specific promises of job security to his detriment.
 {¶ 14} First, appellant claims that the terms of discharge were altered by the Agreement's confidentiality, non-compete and liquidated damages clauses and the requirement that appellant give ACC a two-week notice before leaving his job, or forfeit his final paycheck. We disagree. The Agreement provisions that appellant asserts limit ACC's discretion do not relate to, much less alter, ACC's ability to terminate appellant for any reason. Thus, appellant's employment with ACC was at will.
 {¶ 15} Appellant, however, argues that the confidentiality, non-compete and liquidated damages clauses altered his ability to terminate his employment because he feared he would face difficulty finding another job and be required to refund ACC's costs in training him. This argument is unavailing. Just as the provisions at issue do not limit ACC's ability to terminate appellant for any reason, they do not limit appellant's ability to leave for any reason. Both employer and employee may encounter negative consequences in deciding to sever the employment relationship that make severing the relationship less desirable. For example, an employer may lose the time and money expended to train an employee, or the employee may be subject to a non-compete provision. However, these consequences do not alter the contractual terms of discharge in the employment-at-will relationship.
 {¶ 16} Second, appellant claims that the terms of discharge were altered by Mr. Miller's oral representations that appellant would have secure future employment. Although appellant makes this argument in his brief, the record does not support his assertion.
 {¶ 17} Clear and unambiguous promises of continued employment for a specific period of time can create an implied or express contract of employment altering the at-will relationship. Daupv. Tower Cellular, Inc. (2000), 136 Ohio App.3d 555, 563. However, appellant did not present any evidence that Mr. Miller promised appellant secure future employment. Rather, appellant only testified that Mr. Miller promised to increase appellant's commission percentage to 40 percent when Mr. Miller offered to rehire appellant in July 2000. Such a promise does not alter the at-will terms of appellant's employment.
 {¶ 18} Accordingly, we overrule appellant's first and second assignments of error.
 {¶ 19} By his third assignment of error, appellant argues that promises made by Mr. Miller fall within the doctrine of promissory estoppel. We disagree.
 {¶ 20} Pursuant to the promissory estoppel exception to the employment-at-will doctrine, an employer is bound to honor a promise made to an employee when: (1) the promise is one that the employer should reasonably expect to induce action or forbearance on the part of the employee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise. Mers, supra, at 105. If there is a promise of future benefits or opportunities, but not a specific promise of continued employment, then the promissory estoppel exception will not apply. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, at 110-111.
 {¶ 21} In the case at bar, appellant presented evidence that ACC made one oral promise at the time he was rehired. Appellant claims that when Mr. Miller offered to rehire appellant in July 2000, Mr. Miller promised him an increase in his commission percentage to 40 percent. Although Mr. Miller may have promised appellant the benefit of increased compensation, this promise does not constitute a promise of secure, continued employment. Therefore, as ACC made no specific promises of continued employment, the promissory estoppel exception to the employment-at-will doctrine is not applicable. Moreover, ACC offered appellant continued employment in its body shop even though it was terminating his employment as a mobile touch-up technician.
 {¶ 22} Accordingly, we overrule his third assignment of error.
 {¶ 23} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.