[Cite as *Schmidt v. Cuyahoga Cty. Bd. of Elections-Poll Worker Dept.*, 2011-Ohio-5278.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96578**

## JUDITH M. SCHMIDT

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF ELECTIONS-POLL WORKER DEPARTMENT

DEFENDANT-APPELLEE

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743897

**BEFORE:** Rocco, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**FOR APPELLANT**

Judith M. Schmidt, pro se
11114 Detroit Avenue - Apt. 101
Cleveland, Ohio   44102


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Reno J. Oradini, Jr.
        Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


KENNETH A. ROCCO, J.:

**{¶ 1}**   Plaintiff-appellant, Judith M. Schmidt ("appellant"), appeals the trial court's dismissal of her complaint against defendant-appellee, the Cuyahoga County Board of Elections Poll Worker Department ("appellee").   We affirm.

**{¶ 2}**   On December 20, 2010, appellant filed a complaint against appellee alleging malicious prosecution when appellee failed to hire her as a poll worker.   On January 19, 2011, appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).   The trial court granted appellee's motion and dismissed the case.

{¶ 3} Appellant now appeals and presents the following three assignments of error for our review:

{¶ 4} **"1.   The Defendant's Answer of my original Complaint and Judge Brian Corrigan's reason for dismissal seem to me as if they did not read my Complaint.**

{¶ 5} **"2.   As it was, I asked for a trial by jury before Judge Corrigan dismissed by Case in Lower Court (US Constitution Amendment 7 and 11, etc.)**

{¶ 6} **"3.   We had to have mediation before the Defendant seemed to know any reason for my Complaint."**

{¶ 7} In her first assignment of error, appellant essentially argues that the trial court erred in dismissing her complaint pursuant to Civ.R. 12(B)(6).   We disagree.

{¶ 8} A trial court must dismiss a complaint for failure to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts entitling him to recovery from the defendant.   *O'Brien v. Univ. Community Tenant's Union* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753.   As a matter of law, the trial court must accept all the allegations of the complaint as true. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981.   The allegations must be examined to determine if they support any basis for recovery, even on legal theories not specifically mentioned.   *Rogers v. Targot Telemarketing Serv.* (1990), 70 Ohio App.3d 689, 591 N.E.2d 1332.   However, plaintiff must set forth in his pleadings

the necessary elements of his claim against the defendants. See, e.g., *Zuber v. Ohio Dept. of Ins.* (1986), 34 Ohio App.3d 42, 516 N.E.2d 244; *Kordi v. Minot* (1987), 40 Ohio App.3d 1, 531 N.E.2d 318.

{¶ 9} The Ohio Supreme Court has set forth the elements of a cause of action for malicious prosecution as follows: 1) malicious institution of prior proceedings against the plaintiff by the defendant; 2) lack of probable cause for the filing of the prior lawsuit; 3) termination of the prior proceedings in plaintiff's favor; and, 4) seizure of the plaintiff's person or property during the course of the prior proceedings. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 1996-Ohio-189, 662 N.E.2d 9, syllabus.

{¶ 10} In her complaint, appellant alleged that the instructor did not adequately prepare her for the poll workers' examination. More specifically, appellant asserted that the instructor lectured too rapidly, did not cover all the material, failed to adequately answer questions, and distracted appellant. As a result, appellant maintains she was not hired as a poll worker, wasted more than four hours of time, and was "defaced" [sic] in front of others. None of appellant's allegations, even if taken as true, establish any of the elements needed to support a claim of malicious prosecution, or any other claim under the law. Accordingly, the trial court properly dismissed appellant's case. Appellant's first assignment of error is overruled.

{¶ 11} Having determined that the trial court appropriately dismissed the case pursuant to Civ.R. 12(B)(6), we need not address appellant's remaining two assignments of error.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR